United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AREANNY LEONELA NUNEZ-AREVALO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-380 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Areanny Leonela Nunez-Arevalo is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests her ongoing detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing and argues that she is a TPS beneficiary, which prohibits her detention.

Petitioner acknowledges the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), but argues that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond.  Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306

(1993).  The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]

Petitioner also argues that she is a Venezuela TPS beneficiary, and that her detention is prohibited under 8 U.S.C. § 1254a.  The Court recently published its decision in *Nava, et al. v. Warden*, No. 1:26-CV-230, 2026 WL 1018343 (S.D. Tex. Apr. 15, 2026), which concerned similar arguments by an individual alleging claims based on TPS.

To facilitate the Court's consideration of Petitioner's claims, it is:

**ORDERED** that by no later than May 28, 2026, Petitioner Areanny Leonela Nunez-Arevalo shall file a Statement with the Court in support of her claims for relief, addressing the conclusions that the Court has reached in similar matters and that are identified in this Order. Petitioner's failure to submit the Statement shall lead the Court to deny her Petition for Writ of Habeas Corpus.

Signed on May 14, 2026.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.