United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AREANNY LEONELA NUNEZ-AREVALO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-380 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Petitioner Areanny Leonela Nunez-Arevalois is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment. She also alleges that her detention violates the Administrative Procedure Act and her rights as recipient of temporary protected status.

For the following reasons, the Court concludes that Petitioner is not entitled to relief.

## I.

Petitioner argues that her continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates his Fifth Amendment due process rights.

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Castellano v. Strong*, No. 6:26-CV-125-H, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not

require the United States to release aliens in ongoing removal proceedings after a certain period of time."). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Castellano* to be persuasive. For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

**II.**

Petitioner relies on the Administrative Procedure Act, alleging that "[t]he application of 8 U.S.C. § 1225(b)(2) to Petitioner is arbitrary, capricious, and not in accordance with law, and as such, it violates the APA." (Pet. Doc. 1, ¶ 84)

Assuming that Petitioner can present an APA claim in habeas, the claim fails. The Fifth Circuit has found the challenged statutory construction acceptable, and this Court has concluded that Petitioner has no viable due process claim. As a result, Petitioner cannot demonstrate that Respondents have violated any statute or regulation in a manner that violates the APA.

**III.**

Petitioner also asserts that she is a member of the National TPS Alliance, and that 8 U.S.C. § 1254a(d)(4) prohibits the immigration detention of TPS beneficiaries. (Pet., Doc. 1, ¶ 98) But Petitioner concedes that her TPS benefits were scheduled to expire in April 2025. While Petitioner sought to renew those benefits, she does not allege that those efforts proved successful or that she retained TPS benefits beyond April 2025. As a result, Petitioner does not sufficiently allege that she currently holds TPS, and she cannot rely upon Section 1254a(d)(4) to challenge her detention.

**IV.**

The Court finds that the Petitioner is not entitled to the relief sought.

Accordingly, it is:

**ORDERED** that Petitioner Areanny Leonela Nunez-Arevalo's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on September 22, 2026.

Fernando Rodriguez, Jr.
United State District Judge